IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff/Respondent,<br><br>vs.<br><br>DOMINGO BAEZ,<br><br>Defendant/Movant. | Cause No. CR 08-149-BLG-DWM<br><br><br>ORDER DENYING<br>MOTION TO RECONSIDER |

This case comes before the Court on Defendant/Movant Baez's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Baez is a federal prisoner proceeding pro se. He asks the Court to reconsider its Order of April 11, 2014 (Doc. 354), denying his motion to seal "any and all filings, and/or arguments pertaining to the issue of the immunity agreement." Resp. to Order (Doc. 353) at 1.

Baez debriefed with case agents. This fact has been a matter of public record since, at the latest, February 16, 2010. *See* Mot. and Br. to Dismiss & Ex. 1 (Docs. 105, 105-1). Baez also testified before a grand jury. This fact, too, has been a matter of public record since at least February 26, 2010, *see* Docket Text (Doc. 109), although the testimony itself was filed and remains under seal, *id.*

1

Attachments Exs. 1-3 (Docs. 109-1, 109-2, 109-3). Both Baez's presentence report and those of his co-conspirators stated the substance of his testimony and statements. While presentence reports are sealed, they are disclosed to the defendants about whom they are written. Baez's debriefing and grand jury testimony were discussed on the record in open court at Ramirez's and Acevedo's joint sentencing. The transcript has been available to public access since November 29, 2010. *See* Sentencing Tr. (Docs. 264, 281) at 5:6-7:2, 10:2-9, 12:8-16:25, 23:24-25:21, 28:7-23, 34:21-35:3, 35:25-36:15, 37:4-38:5, 40:22-42:19.[1]

On December 29, 2011, the Court of Appeals noted in its memorandum that Baez testified before a grand jury and gave statements to government agents. Mem. at 4, *United States v. Baez*, No. 10-30194 (9th Cir. Dec. 29, 2011). The Court of Appeals denied Baez's repeated motions to seal its memorandum opinion. *See* Mots. (Docs. 64, 80, 85); Orders (Docs. 69, 84, 86), *Baez*, No. 10-30194 (9th Cir. Dec. 12, 2011, through Jan. 11, 2013). None of those motions or orders is sealed in the Court of Appeals' record, although they describe the substance of Baez's testimony and statements. Finally, Baez filed his § 2255 motion on November 8, 2013, repeating the substance of his testimony and statements, frequently referring to the "immunity agreement," and seeking relief against his conviction or sentence

---

[1] As Baez notes, the Court's prior order mistakenly referred to the airing of this material in open court "at trial." Order Denying Mot. to Seal (Doc. 354) at 2. The Court had Ramirez's and Acevedo's joint sentencing in mind. It was open to the public at the time and, as stated, the transcript has been publicly available for three and a half years.

based on the agreement, his testimony, and/or his statements. *See* Mot. § 2255 (Doc. 344) at 10-14, 18. He did not move to seal anything until April 7, 2014. Resp. to Order and Mot. to Seal (Doc. 353).

The law does not support removing documents from the public record for the purpose of concealing information that was made public long ago. *See generally Phoenix Newspapers, Inc. v. U.S. Dist. Court*, 156 F.3d 940, 946-51 (9th Cir. 1998).

Further, Baez's motion under 28 U.S.C. § 2255 is a dispositive motion. The strong public interest in open judicial records gives way to secrecy only if there is a compelling reason, based on specified facts, to seal or redact particular information from public access. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006). Baez's concerns, while understandable, do not meet that standard. All defendants who give statements or testimony probably experience fear and apprehension. That fact does not justify withholding from public view all traces of the federal government's dealings with criminal defendants – whether the defendants are cooperating, not cooperating, or somewhere in between. Baez has given no indication that his circumstances differ in a significant way from the circumstances of anyone else who has given statements or testimony that is incriminating to others.

Accordingly, IT IS HEREBY ORDERED that Baez's motion for

reconsideration (Doc. 359) is DENIED.

DATED this 28th day of April, 2014.

Donald W. Molloy
United States District Court